1  Daniel W. Maguire (SBN 120002)
   E-mail: *dmaguire@bwslaw.com*
2  Mitchell A. Wrosch (SBN 262230)
   E-mail: *mwrosch@bwslaw.com*
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel:  213.236.0600      Fax:  213.236.2700
5
   Attorneys for Defendant, Unum Life Insurance
6  Company of America
7
8  Glenn R. Kantor (SBN 122643)
   E-mail: *gkantor@kantorlaw.net*
9  Corinne Chandler (SBN 111423)
   E-mail: *cchandler@kantorlaw.net*
   KANTOR & KANTOR, LLP
10 19839 Nordhoff Street
   Northridge, CA 91324
11 Tel: (818) 886-2525      Fax: (818) 350-6272
12
13 Attorneys for Plaintiff, Gaye Hertan

*NOTE CHANGES MADE BY THE COURT*

14
15                 UNITED STATES DISTRICT COURT
16        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
17

| | |
|---|---|
| 18  GAYE HERTAN, | Case No. 2:14-cv-05331 PA (SSx) |
| 19          Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| 20  v. | |
| 21  UNUM LIFE INSURANCE COMPANY OF AMERICA, | NOTE CHANGES MADE BY THE COURT |
| 22          Defendant. | |
| 23 | |

24
25        IT IS HEREBY STIPULATED AND AGREED, by and among the parties to
26 this action, Plaintiff Gaye Hertan ("Plaintiff") and Defendant Unum Life Insurance
27 Company of America ("Unum") (collectively referred to herein as "the parties")
28 that certain documents or information produced in discovery shall be subject to the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1                      - 1 -                      CASE NO. 2:14-cv-05331 PA (SSx)
                                                                      STIPULATED CONFIDENTIALITY
                                                                      AGREEMENT AND PROTECTIVE ORDER

following Agreement with respect to confidentiality and privacy, subject to the approval of the Court.

1.     Defendant contends  that certain discovery to be exchanged in this case, specifically interrogatory answers, will contain confidential non-public information of a personal nature which may constitute confidential financial information pertaining to a non-party.  The parties do not wish unreasonably to impede or burden the discovery process but, have entered into this agreement to facilitate discovery.  Defendant contends  that materials designated as "CONFIDENTIAL" pursuant to the procedures below should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any potential violations of this protective order.  A private agreement between the parties would not serve to fully protect the confidential nature of the "CONFIDENTIAL" materials from unwarranted disclosure, as it would not provide sufficient remedies in the event of disclosure and would therefore not be as strong of a deterrent against such disclosure.  Plaintiff does not object to the entry of a Protective Order and stipulates to the same to facilitate discovery and is willing to abide by its terms throughout the remainder of this proceeding.

2.     Upon entry of an Order by this Court, this Protective Order shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement and Protective Order, throughout the entirety of this litigation, any trial or appeal.  The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order both at trial and upon any appeal of this case.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1                    - 2 -                    CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

3.      For purposes of this Protective Order, the term "CONFIDENTIAL" as used in this Agreement means any type or classification of information which contains confidential and proprietary information, including financial information pertaining to Plaintiff, Unum and/or any third party, or such other information which any of the parties to this action consider confidential or proprietary.  Such information shall be designated as "CONFIDENTIAL" by the supplying party, whether it be a document, information revealed in an interrogatory answer or otherwise.  In designating information as "CONFIDENTIAL" the supplying party will make such designation only as to that information which the supplying party in good faith believes contains confidential or proprietary information.

4.      For purposes of this Protective Order, the phrase "Discovery Materials" refers to Unum's responses to interrogatories.

5.      This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6.      The special treatment accorded the Discovery Materials designated "Confidential" under this Order shall reach:

(a)     All Discovery Materials designated "Confidential" under the terms of this Order;

(b)     All copies of such Discovery Materials;

(c)     Any deposition transcript or exhibit, or portion thereof, that discusses such Discovery Materials;

(d)     Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such Discovery Materials.

(e)     Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1

- 3 -

CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

(f)    All information contained in such Discovery Materials or depositions.

7.    Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any Discovery Materials that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 8-10 below.

8.    Except as provided in paragraphs 8-10, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a)    Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

(b)    "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; (3) the court and court personnel, in accordance with the terms specified below in paragraphs 9-10; (4) actual or prospective deposition or trial witnesses to testify concerning the suit; (5) actual or prospective experts and consultants retained or consulted by a party or a party's counsel in the course of this action; and (6) any private mediator or other ADR professional retained or

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1

- 4 -

CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

selected by the parties to assist in the resolution of the matter. These persons shall not disclose, discuss or reveal the contents or existence of the Protected Information or the actual Protected Information itself to any other person or entity not specifically described in this paragraph. There shall be no other permissible dissemination of "CONFIDENTIAL" Discovery Materials.

(c)    If a party produces any Discovery Materials that mention or reference any <u>other</u> party to this litigation, or such other party's employees, consultants, vendors or agents (past or present), such Discovery Materials shall be designated as "CONFIDENTIAL," unless express written consent of that other party is obtained.

(d)    No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(e)    No person authorized to receive access to "CONFIDENTIAL" Discovery Materials under the terms of this Order (except for those persons identified in paragraphs 8(b)(1)-(3) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the Certification of Compliance form attached hereto as Exhibit 1. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Materials designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1                      - 5 -                      CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

the persons identified in paragraphs 8(b)(4)-(6) shall be responsible for obtaining the executed Certification of Compliance in advance of such disclosure and also shall retain the original executed copy of said Certifications of Compliance. No "CONFIDENTIAL" Discovery Material may be disclosed to any person identified in paragraphs 8(b)(4)-(6) prior to execution of the form attached as Exhibit 1.

9.      Materials designated "CONFIDENTIAL," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "CONFIDENTIAL" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "CONFIDENTIAL" and separately filed in accordance with paragraphs 10 and 11 of this Order.

10.     Materials designated "CONFIDENTIAL," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation, provided that when using "CONFIDENTIAL" materials in Court, counsel for the party using the "CONFIDENTIAL" materials shall take steps to insure against inadvertent disclosure of the "CONFIDENTIAL" materials to persons not subject to this Order.

11.     If any party desires that materials, which are or contain confidential information be filed with the Court, that party shall ensure that any confidential information is redacted from briefs which are filed electronically with the Court and subject to public access. The parties will then provide the Court's chambers with their briefs which contain the confidential information.

12.     Any written Order or Opinion issued from this Court when referencing information contained within the Discovery Materials marked "CONFIDENTIAL," the Court will take steps to insure that the identity of persons within the "CONFIDENTIAL" materials and any confidential, proprietary and/or financial

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1                        - 6 -                        CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  information meant to be protected by this ORDER, are not revealed through direct

2  reference or contextual reference within the Order/Opinion.

3        13.   In the event that a party makes documents available for inspection,

4  rather than delivering copies to another party, no marking need be made in advance

5  of the initial inspection.  For purposes of the initial inspection, all documents

6  produced shall be considered as marked "CONFIDENTIAL."  Thereafter, upon the

7  inspecting party's selection of documents for copying, the party producing the

8  documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 6,

9  above.

10       14.   The disclosure of any Discovery Materials pursuant to the terms of this

11  Protective Order is not intended to be and shall not be construed as a waiver of any

12  right or a relinquishment of any confidentiality claim as to said Discovery Materials

13  or as a waiver of any claim that the information disclosed is a trade secret or is

14  proprietary.                                    *see Local Rule 37.*

15       15.   If any dispute arises concerning whether information designated as

16  "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL"

17  information for purposes of this Protective Order, the party who objects to the

18  designation of the information as "CONFIDENTIAL" shall give written notice of

19  the objection.  The parties shall then attempt to resolve the dispute informally and

20  in good faith.  If the parties do not resolve the dispute informally, the party who

21  designated the information as "CONFIDENTIAL" shall have thirty (30) days from

22  either (a) the written notice from the objecting party made pursuant to this

23  paragraph, (b) the written objection to disclosure from the producing party made

24  pursuant to paragraph 10 above, (c) the date the parties agree that the dispute cannot

25  be resolved informally, whichever is later, to file a motion asking the Court to

26  resolve the issue, unless this deadline is mutually extended by the parties.  If the

27  motion is not filed within this time, then the "CONFIDENTIAL" designation shall

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1                     - 7 -                    CASE NO. 2:14-CV-05331 PA (SSX)
                                                          STIPULATED CONFIDENTIALITY
                                                          AGREEMENT AND PROTECTIVE ORDER

be deemed waived. If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" information is protected by a right to privacy. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL." If such motion is granted in favor of the objecting party and ten (10) business days have passed after entry of an order granting the motion, then the prevailing party may disclose the information, barring any motion to amend the order.

16.     Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within sixty (60) days thereof, unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction.

17.     The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1                    - 8 -                    CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

18.    Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, or confidential information or any other discovery material, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

19.    Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action. The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1

- 9 -

CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

20.     The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

21.     Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

22.     This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order.  Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

        IT IS SO STIPULATED.


DATED:  March 2, 2015          BURKE, WILLIAMS & SORENSEN, LLP
                               DANIEL W. MAGUIRE
                               MITCHELL A. WROSCH


                               By: _s/ Daniel W. Maguire_____
                                   DANIEL W. MAGUIRE
                                   Attorneys for Defendant, Unum Life
                                   Insurance Company of America

DATED:  March 2, 2015          KANTOR & KANTOR, LLP
                               GLENN R. KANTOR
                               CORINNE CHANDLER


                               By: _s/ Corinne Chandler_____
                                   CORINNE CHANDLER
                                   Attorneys for Plaintiff, Gaye Hertan


BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Corinne Chandler, counsel for Plaintiff Gaye Hertan, and that I have obtained Ms. Chandler's authorization to affix her electronic signature to this document.

By: *s/ Daniel W. Maguire*
DANIEL W. MAGUIRE
Attorney for Defendant, Unum Life
Insurance Company of America

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1

- 11 -

CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT 1

## CERTIFICATION OF COMPLIANCE

### AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties to *Gaye Hertan v. Unum Life Insurance Company of America,* Case No. 2:14-cv-05331 PA (SSx), pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____

Signature _____

Printed Name _____

Address _____

_____

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1

- 12 -

CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROTECTIVE ORDER

Upon consideration of the Stipulated Confidentiality Agreement and Protective Order between the parties in *Gaye Hertan v. Unum Life Insurance Company of America, Case No. 2:14-cv-05331 PA (SSx)*, the Court hereby approves of said Agreement and orders the parties to comply with its terms, *as amended*. Designated "CONFIDENTIAL" Discovery Materials to be produced by any of the parties shall be subject to this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: 3/3/15 _____

_____
HON. SUZANNE H. SEGAL
Magistrate Judge, District Court

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8623-6194 v1

- 13 -

CASE NO. 2:14-CV-05331 PA (SSX)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER